UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA O'NEAL, | ) |
| | ) |
| Plaintiff. | ) |
| v. | ) CAUSE NO: 1:19-cv-4458 |
| | ) |
| TRILOGY MANAGEMENT SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  Nature of the Case.**

The Plaintiff, Cynthia O'Neal ("O'Neal" and/or "Plaintiff"), brings this action against her former employer, Trilogy Management Services, LLC, ("Defendant"), pursuant to the Americans with Disabilities Amendments Act ("ADA'), as amended, 42 U.S.C. . § 12101 *et seq*.  O'Neal also asserts a claim for retaliatory discharge (*Frampton*) under Indiana common law.

**II.  Parties.**

1. O'Neal, at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana, Indianapolis Division.

2. Defendant is a foreign limited liability company which maintains offices and conducts business within the Southern District of Indiana, Indianapolis Division.

**III.  Jurisdiction and Venue.**

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

4. O'Neal was an "employee" within the meaning of 42 U.S.C. § 12111(4).

5. O'Neal satisfied her obligation to exhaust her administrative remedies, having timely filed charge (Charge No. 470-2019-00441) with the United States Equal Employment

Opportunity Commission (hereinafter "EEOC") and receiving her Notice of Suit Rights brings this original action within ninety (90) days of her receipt thereof.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §1331; 28 U.S.C. §1343, and 42 U.S.C. § 12117(a).  Supplemental jurisdiction over the state-law claim is conferred on the Court by 28 U.S.C. § 1367(a).

7. O'Neal has a "disability" under 42 U.S.C. § 12102(1)(A)(B)(C).

8. At all times relevant to this action, O'Neal was a "qualified individual" as that term is defined by 42 U.S.C. § 12111(8).

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as all events, transactions, and occurrences concerning this matter have arisen in the geographical environs of the Southern District of Indiana.

### IV.  Factual Allegations

10. Defendant hired O'Neal on September 25, 2018 at its Wellbrooke of Kokomo Health Campus as a Certified Resident Care Associate.

11. Throughout her employment, O'Neal continuously met the legitimate and reasonable expectations associated with her position.  Defendant did not issue any disciplinary actions against O'Neal until after her workplace injury.

12. On October 7, 2018, O'Neal suffered a workplace injury, which required the filing of a Worker's Compensation Claim.

13. Shortly after her injury, O'Neal reported the injury to Kathy Bogue, LPN.  Bogue informed O'Neal that her injury was "probably a pulled muscle."  Thereafter, Bogue reported O'Neal's workplace injury to April Stolz, Director of Health Services.

14. Despite her workplace injury, Stolz texted O'Neal that she would receive points

under Defendant's attendance policy unless she found her "own replacement and it is approved by leadership."

14. O'Neal also reported her injury to Katrina Pridemore, who is in charge of scheduling and staffing. O'Neal informed Pridemore that she would not be coming into work the following day due to the workplace injury. Pridemore's response was to warn O'Neal not to miss work because she was in her "introductory period."

15. Despite trying to work through her injury (as Defendant did not offer relief), she was forced to leave work early to go to the emergency room. After leaving the emergency room, O'Neal spoke with Stolz, who informed her that she would continue to accumulate attendance points.

16. The following day, Stolz messaged O'Neal that "[i]f you injured yourself at work you should notify management by phone. We can fill out workers comp paperwork and do a drug screen." Approximately an hour later, O'Neal responded, messaging Stolz that she "called the facility and [has] no issue with a drug test…. You are welcome to call me as I call me as I called and was told you weren't available." Having received no response, a few hours later, O'Neal messaged Stolz again, asking if she needed to come in that day to take a drug test. Stolz did not respond.

17. Having received no response from Stolz, O'Neal messaged Amorette Renwand, the facility's Executive Director, the following:

> Mrs. Renwand I am trying to figure out if I am being terminated. After the last conversation with April and me telling her what the dr. Said yesterday and paper work she said I will be receiving points for today and tomorrow even with a dr. Note. I have an appointment with my Dr. at 1150 am and I have been keeping everyone In the loop as to his situation and I was told I needed to have them file a work report and take a drug test to comply. I was told by April that if I didn't contact her she would take me not coming in as a resignation. I called and messaged hours ago asking to do the report and drug test she read it and never

responded.

Like Stolz, Renwand did not respond.

18. Having heard nothing from Stolz and Renwand, on October 9, 2018, O'Neal messaged Randall Bufford, then-President and CEO, asking who she should speak with about the way she had been treated over the last two days. Bufford responded the next day that someone would be in touch.

19. On October 11, 2018, Kimberly Meyer, Director of Employee Relations, contacted O'Neal and emailed her worker's compensation paperwork.

20. Stolz testified, under oath, at O'Neal's unemployment appeal hearing, that she notified O'Neal of her termination, via voice mail, on October 16, 2018.

21. During the unemployment appeal hearing, the Administrative Law Judge asked, "What happened after October 8 that actually lead to the discharge?" Stolz responded, under oath, that "she was scheduled to report back to work and did not actually report back to work. . ."

22. In its position statement to the EEOC, Defendant claimed that it did not terminate O'Neal, but that she instead abandoned her job. Indeed, Defendant affirmatively represented to the EEOC that it learned of O'Neal's alleged job abandonment when it received a notification that O'Neal had filed for unemployment.

23. Defendant was terminated O'Neal in violation of the ADA because of her disability or because it regarded her as having a disability. O'Neal was terminated due to and/or in retaliation for the exercise of her rights under Indiana Worker's Compensation Act in violation of Indiana Common Law.

24. Defendant's actions have been intentional, willful, and taken in reckless disregard for O'Neal's rights.

25. O'Neal has been and continues to be economically, physically, and emotionally harmed because of Defendant's discriminatory and retaliatory actions.

## V.  Legal Causes of Action

### COUNT I -- ADA DISCRIMINATION

26. O'Neal hereby incorporates paragraphs 1through 25 of her Complaint herein.

27. O'Neal has a physical impairment that substantially limits one or more of her major life activities, including but not limited to standing, walking, lifting and/or working. O'Neal suffers and/or suffered from multiple physical impairments related to her back. At the time of termination such impairment was severe and directly related to her workplace injury.

28. Alternatively, Defendant unreasonably regarded O'Neal as having a disability that interfered with her ability to perform her job.

29. Defendant terminated O'Neal based on her disability, record of disability, and/or its unlawful perception (regarded as) of her being disabled.

30. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of O'Neal's rights as protected by the ADA, as amended.

### COUNT II -- RETALIATORY DISCHARGE: *FRAMPTON*

31. O'Neal hereby incorporates paragraphs 1 through 30 of her Complaint herein.

32. O'Neal suffered a worker's compensation injury.

33. O'Neal notified Defendant of her work-related injury and requested Worker's Compensation paperwork.

34. O'Neal filed a Worker's Compensation claim.

35. Defendant terminated O'Neal for missing work directly related to her work-related injury.

36. Defendant terminated O'Neal in retaliation for the exercise of her rights under the

Indiana Worker's Compensation Act.

37. Defendant acted maliciously or with reckless disregard to O'Neal's rights as protected by Indiana common law.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Cynthia O'Neal, by counsel, requests that this Court find for her and order that Defendant:

1. Reinstate O'Neal to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment action(s), or award her front pay and benefits in lieu of reinstatement.

2. Pay to Plaintiff all of her lost wages and benefits;

3. Pay to Plaintiff compensatory damages;

4. Pay to Plaintiff punitive damages;

5. Pay to Plaintiff pre- and post- judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this; and,

7. Pay to Plaintiff any and all other damages and/or relief deemed appropriate and just by this Court.

Respectfully submitted,

 s/ Craig M. Williams
Craig M. Williams
FOX WILLIAMS & SINK, LLC
6177 North College Ave.
Indianapolis, Indiana 46220
cwilliams@fwslegal.com
Telephone:  317-254-8500

## DEMAND FOR JURY TRIAL

The Plaintiff, Cynthia O'Neal, by counsel, respectfully requests a jury trial as to all Issues deemed triable.

*s/ Craig M. Williams*
Craig M. Williams